UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRTUS PHARMACEUTICALS, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States,<br><br>ANNE MILGRAM, in her official capacity as Administrator of the Drug Enforcement Administration,<br><br>UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,<br><br>                    Defendants. | Case No. M3-20-2030 |

## DECLARATION OF DAVID S. SCHUMACHER

I, David S. Schumacher, declare as follows:

1.  I am counsel for Virtus Pharmaceuticals, Inc ("Virtus"). I have personal knowledge and could competently testify concerning the matters set forth herein. I represented Virtus in responding to an administrative subpoena issued on or about April 1, 2021 by the U.S. Drug Enforcement Administration ("DEA") regarding Woodfield Distribution, LLC ("Woodfield"). The subpoena was served by Special Agent Ian Brecht, and I regularly corresponded with Mr. Brecht regarding the subpoena.

2.  On August 12, 2021, I became aware that DEA had potentially seized products, including Virtus' products, from Woodfield Distribution LLC.

3.  On August 12, 2021, I contacted Mr. Brecht via telephone. Agent Brecht reported that DEA had seized all products at Woodfield's Sugar Land location. I inquired about the basis of the suspension and whether there was any issue with Virtus. Agent Brecht explained the suspensions applied to Woodfield, not Virtus. Agent Brecht stated that the product would likely be impounded for a period of time while Woodfield pursued its administrative remedies concerning the seizure, and therefore could not be sent back to Virtus at this time. He explained that I should direct any further questions to John Beerbower, DEA counsel, and provided me with contact information for Mr. Beerbower.

4.  I immediately contacted Mr. Beerbower and scheduled a phone call. Another attorney from my office, Joseph LaMagna, joined this call. During this call, I explained that the seizure would have dire consequences for patients and for Virtus, and I requested that the DEA release the product. Mr. Beerbower stated that he would consider the request, but that he had to consider if DEA had authority to release product that had been seized, and, if so, if DEA should exercise its discretion to release the product based on his interpretation of the applicable statute, 21 U.S.C. § 824(f). I also expressed concerns about the condition of Virtus's products given the seizure, including the possibility of spoliation. Mr. Beerbower assured us that Virtus' products were safely stored in DEA warehouses. We also discussed Woodfield's Florida registration, and

Mr. Beerbower confirmed that he was not aware of any issue with the Florida location's registration, which facility holds additional Virtus product.

5. I left the office for vacation on August 12, 2021, and I understood that my colleague, Mr. LaMagna would continue any dialogue with Mr. Beerbower regarding Virtus' request for return of its product. Mr. LaMagna included me on emails to Mr. Beerbower while I was out of the office.

6. On August 23, 2021, I returned to the office.  I understood that DEA still had not responded to our requests to release Virtus' product.  I re-engaged in the discussions with Mr. Beerbower. On August 24, 2021, I emailed Mr. Beerbower to request a phone call.  In response, Mr. Beerbower emailed stating that DEA had considered Virtus' request, but DEA would not release any product.  A true and correct copy of that email is attached hereto as Exhibit A. The same day we scheduled a telephone conference.  Mr. LaMagna and I spoke with Mr. Beerbower, along with his colleagues, David Locher and Erika Oblea.  Mr. Beerbower reiterated that DEA would not release the product because DEA did not believe it had the authority to do so and that it would not be appropriate to do so.  Mr. Beerbower also confirmed that DEA did not have any open investigation regarding Virtus and that DEA did not view itself as having jurisdiction over Virtus.

7. On August 25, 2021, I sent a follow-up email to Mr. Beerbower asking that DEA exercise its discretion to limit and/or alter the suspensions and release the products. I also stated that Woodfield was prepared to execute a Waiver of Rights and Interest such that it disclaimed any possession of the product. That day, Mr. LaMagna also emailed Mr. Beerbower and attached a copy of the Waiver of Rights and Interest. On August 26, 2021, Mr. Beerbower responded that DEA would not alter or modify the suspension and would not release Virtus's product at this time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed this 29th day of August, 2021, at Boston, Massachusetts

_____
David S. Schumacher