UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRTUS PHARMACEUTICALS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>MERRICK GARLAND, *et al.*,<br><br>        Defendants. | Case No. _____ |

## **DECLARATION OF JOSEPH R. LAMAGNA**

1. I, Joseph R. LaMagna, declare as follows:

2. I have personal knowledge of the facts contained in this declaration and could and would, if called to do so, testify competently thereto.

3. I am an attorney licensed in several states representing Virtus Pharmaceuticals, LLC.

4. On August 12, 2021, I became aware that the Drug Enforcement Administration ("DEA") had potentially seized products, including Virtus's products, from Woodfield Distribution, LLC ("Woodfield").

5. That same day I joined a call with my colleague, David Schumacher, and an attorney for DEA who identified himself as John Beerbower. On the call, Mr. Schumacher requested that Virtus's products be released by DEA, but Mr. Beerbower could not commit to a release at that time. Mr. Schumacher explained that he was going out of the office, so I was identified as the counsel for Virtus to continue any discussions with Mr. Beerbower regarding its request for release of its products.

6. I followed up with Mr. Beerbower several times in emails and phone calls. The emails attached to Mr. Schumacher's declaration at Exhibit A are true and correct copies of the email correspondence. Attached hereto as Exhibit A is a true and correct copy of an email that was not part of the emails at Exhibit A to the Declaration of Mr. Schumacher, because Mr. Beerbower responded to this email outside the chronology of the chain.

7. I spoke to Mr. Beerbower by phone on August 17, 2021. I suggested on that call that DEA consider a waiver of rights or interest in any Virtus product by Woodfield. Mr. Beerbower explained he would consider such a waiver as part of the DEA's consideration of whether to release Virtus's products.

8. On August 18, 2021, I again spoke with Mr. Beerbower asking that the DEA release Virtus's products and explaining the need for Virtus to continue to ship product to a DEA-registered third-party distributor in order to continue operations.

9. On August 23, 2021, I again called Mr. Beerbower and left a message for him requesting a substantive response as to whether DEA would release Virtus's products.

10. On August 24, 2021, I spoke with Mr. Beerbower and Mr. Schumacher. Mr. Beerbower explained that DEA would not be releasing Virtus's products, as it was explained in Mr. Beerbower's email to us earlier that day, but DEA would consider any additional information Virtus may send, including a waiver from Woodfield. Mr. Schumacher and I both inquired whether DEA had any investigation or concern about Virtus that justified its position. Mr. Beerbower explained that he could only say that DEA did not believe it had any jurisdiction over Virtus and he could not comment on whether there was any concern that the DEA or the government had about Virtus. Therefore, at no time has Mr. Beerbower represented to me that DEA considers Virtus to be a subject or target of any ongoing investigation.

11. On August 25, 2021, I emailed a copy of a waiver from Woodfield to Mr. Beerbower. A true and correct copy of the email and the attached waiver is attached as Exhibit B.

12. On August 26, 2021, Mr. Beerbower emailed Mr. Schumacher and me and informed us that the waiver from Woodfield did not change DEA's position. A true and correct copy of the email is attached as Exhibit C.

13. To date, I have been unable to negotiate an informal resolution with DEA, such that the DEA still retains Virtus's products.

I declare under penalty of perjury that the foregoing is true and correct

Executed this 30th day of August 2021, at San Diego, California

_____
Joseph R. LaMagna