# Exhibit A

| | |
|---|---|
| **From:** | Joseph R. LaMagna |
| **To:** | Beerbower, John E |
| **Cc:** | David S. Schumacher |
| **Subject:** | RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals) |
| **Date:** | Friday, August 20, 2021 2:51:54 PM |

Hello, John. I have appreciated your availability and responsiveness, but I must be clear about the urgent timing issues Virtus faces, and request that DEA prioritize a substantive response as soon as possible. I also wanted to provide additional items for the DEA to consider.

- It has been ten days since DEA seized controlled substances belonging to Virtus that were stored at its third-party logistics provider (3PL), Woodfield Distribution. This has caused a direct adverse impact on Virtus, its customers and, most important, patients, including those suffering from debilitating chronic diseases, who depend on these medicines.
- There will be irreversible harm, resulting in significant damages to Virtus and its' stakeholders if product is not released immediately.
- DEA is currently holding nearly all inventory of product families that account for over 54% of Virtus' total annual gross profits.
- Levorphanol, accounting for nearly 46% of total annual gross profits, is a particular priority at this time due to the fact that Virtus is responsible for supplying exclusively to a network of 31 specialty / mail order pharmacies across the country in addition to also servicing main line wholesale customers.
- DEA seized 5,698 bottles of Virtus' levorphanol. The supply of these medicines is critical to meet patient needs given that levorphanol is frequently used as a treatment of last resort for patients suffering with chronic pain.
- Based on available data sources, Virtus represented almost 50% of the levorphanol 2mg market in June 2021; a Virtus stockout will have a substantial impact on product availability for patients living with around the clock chronic pain.
- Over the last ten days, Virtus, at significant expense, has attempted to meet patient demand by rationing the supply of its limited safety stock of levorphanol from the Woodfield Boca Raton facility. However, even with this rationing, Virtus has **at most a 3-week supply** of levorphanol left at that facility before it will default on its supply agreements resulting in patients not being able to get their prescriptions filled.
- Without the release of levorphanol, Virtus expects to stock out of product for at least 150 days after additional quota is approved based on current lead time for product manufacturing; at this time Virtus' manufacturer has exhausted its 2021 procurement quota for levorphanol API.
- DEA's seizure has significantly affected the availability of these medicines for patients and is causing other financial and economic harm, including:
  - Impending reduction of over 50% of the full-time employees due to imminent cash short fall without the release of levorphanol
  - Looming loss of exclusive customer contracts that Virtus has invested significant capital to develop and manage over the last five years
  - Inability to meet contractually obligated customer service level requirements resulting in significant financial penalties that are actively accruing on a daily basis
  - Exposure to lender actions due to inability to meeting financing covenants without sales cashflow from continued operations (e.g., loan default)

> Likely bankruptcy filing resulting in loss of control of the company and destruction of significant value for all stakeholders in the company.

- If the product is not released immediately, the potential that the product could be deemed adulterated by FDA because of Virtus' inability to document adequate storage and handling conditions becomes more likely. DEA, through counsel, has had several conversations with Virtus' counsel and never represented that any of the product owned by Virtus is the target or subject of the DEA's actions against Woodfield. Therefore, DEA's continued possession of this product is unnecessary and injurious, especially when weighed against the medical and economic hardships caused by this action.
- Virtus has requested Woodfield provide DEA with a waiver or release to address the protections of 21 U.S.C. § 824(f). It understands Woodfield is willing to provide such a release or waiver and has communicated that to the DEA. If Woodfield waives its rights, the DEA would no longer need to hold the drugs. The purpose of the law requiring the government to either hold the drugs during the appeals process are intended to protect Woodfield. Indeed, DEA has agreed to consent judgment with such language in other matters.
- The alternate process for disposition under section 824(f) is for the Government to initiate a forfeiture proceeding. In such a proceeding, Virtus would have the right to challenge any sale. See 18 U.S.C. § 983(a)(4)(A) ( "[W]hen the Government files in the ... United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims...") A forfeiture action is not necessary or viable, because of the timing constraints. DEA should release the drugs without initiating a forfeiture proceeding and causing further delay.

We appreciate DEA's review and consideration of this matter to date, however, Virtus intends to immediately pursue its options to gain release of the product before it is irreparably harmed. Thus, we respectfully request DEA's immediate response on whether and when it will release Virtus product so that we can arrange for it to be distributed to meet growing unmet patient demand.

Best,

Joe

**Joseph R. LaMagna**

**HOOPER, LUNDY & BOOKMAN, P.C.**
DIRECT: +1 619.744.7305     MAIN: +1 619.744.7300     FAX: +1 619.230.0987
jlamagna@health-law.com | www.health-law.com

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.

**From:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Sent:** Wednesday, August 18, 2021 8:46 AM
**To:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Cc:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Subject:** RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

**\*\*EXTERNAL EMAIL MESSAGE\*\***

Hi Joe,
I can't comment on this either way.
Regards,
John

_____

John E. Beerbower
Drug Enforcement Administration
Office of Chief Counsel
Diversion and Regulatory Litigation Section
(office) (571) 362-7905
(mobile) (571) 296-3076
(email) john.e.beerbower@dea.gov
Mailing Address: 8701 Morrissette Drive, Springfield, VA 22152

This communication (including any attachments) may contain confidential information, privileged material (including material protected as attorney work product or other applicable privileges), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

**From:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Sent:** Wednesday, August 18, 2021 12:28 AM
**To:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Cc:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Subject:** RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

Hi, John. Thanks for taking the time to talk today. Virtus is still in need of sending product to a registrant, and its contracted registrants outside of Woodfield's Sugar Land location is Woodfield's Bocca Raton location. When we discussed this we understood that the Bocca Raton registration is still in good standing. Virtus is evaluating other third-party distributors, but in the meanwhile, we wanted to inform you that it will have to send product to Bocca Raton, where, as we explained before, it already has some product. If this poses any issues for the DEA, please let us know. We expect a Thursday ship date, so please provide any feedback promptly.

Best,
Joe

**Joseph R. LaMagna**

**HOOPER, LUNDY & BOOKMAN, P.C.**
DIRECT: +1 619.744.7305      MAIN: +1 619.744.7300      FAX: +1 619.230.0987
jlamagna@health-law.com | www.health-law.com

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.

**From:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Sent:** Tuesday, August 17, 2021 12:53 PM
**To:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>

**Cc:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Subject:** RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

**\*\*EXTERNAL EMAIL MESSAGE\*\***

That's fine. I'll expect your call at 571-296-3076.
John

**From:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Sent:** Tuesday, August 17, 2021 3:48 PM
**To:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Cc:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Subject:** Re: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

Thanks, John. Let's talk even if only briefly. We wanted to provide some thoughts for you and your colleagues to consider.

Sent from my mobile device.

> On Aug 17, 2021, at 12:21 PM, Beerbower, John E <John.E.Beerbower@dea.gov> wrote:
>
> **\*\*EXTERNAL EMAIL MESSAGE\*\***
>
> Joe:
> I just got out of all-day meetings. I do not have any additional information at this time. I'm happy to talk to you at 4, but I don't really have anything to share.
> John
> _____
> John E. Beerbower
> Drug Enforcement Administration
> Office of Chief Counsel
> Diversion and Regulatory Litigation Section
> (office) (571) 362-7905
> (mobile) (571) 296-3076
> (email) john.e.beerbower@dea.gov
> Mailing Address: 8701 Morrissette Drive, Springfield, VA 22152
>
> This communication (including any attachments) may contain confidential information, privileged material (including material protected as attorney work product or other applicable privileges), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.
>
> **From:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
> **Sent:** Monday, August 16, 2021 4:25 PM

**To:** Beerbower, John E <John.E.Beerbower@dea.gov>; David S. Schumacher <dschumacher@HEALTH-LAW.COM>

**Subject:** RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

Thanks, John. I understand DEA need additional time. Could we still schedule a call for tomorrow afternoon working around your schedule? If there is no change in DEA's position, we might cancel the call, but Virtus would like to be sure we have some contact scheduled.

Please let me know your availability.

Best,

Joe

**Joseph R. LaMagna**

---

**HOOPER, LUNDY & BOOKMAN, P.C.**

DIRECT: +1 619.744.7305    MAIN: +1 619.744.7300    FAX: +1 619.230.0987

jlamagna@health-law.com | www.health-law.com

---

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.

---

**From:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Sent:** Monday, August 16, 2021 12:55 PM
**To:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>; David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Subject:** RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

**\*\*EXTERNAL EMAIL MESSAGE\*\***

Joe,

Thanks for the email. I'm tied up the rest of today and most of tomorrow, but, also, I don't have any information to share yet on DEA's position. The question is working through appropriate channels and we'll be in touch. I'm happy to talk later this week, if you'd like, but will certainly tell you when I have something to share.

John

_____

John E. Beerbower
Drug Enforcement Administration
Office of Chief Counsel
Diversion and Regulatory Litigation Section
(office) (571) 362-7905
(mobile) (571) 296-3076
(email) john.e.beerbower@dea.gov
Mailing Address: 8701 Morrissette Drive, Springfield, VA 22152

This communication (including any attachments) may contain confidential information,

privileged material (including material protected as attorney work product or other applicable privileges), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

**From:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Sent:** Monday, August 16, 2021 2:18 PM
**To:** Beerbower, John E <John.E.Beerbower@dea.gov>; David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Subject:** RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

Hi, John. I wanted to follow up from our discussion last week. David is out of the office, but I am available this afternoon to discuss DEA's current position on Virtus' inventory that was at Woodfield's Sugar Land location. Please let me know your availability for a call this afternoon, if possible.
Thanks,
Joe

**Joseph R. LaMagna**

**HOOPER, LUNDY & BOOKMAN, P.C.**
DIRECT: +1 619.744.7305     MAIN: +1 619.744.7300     FAX: +1 619.230.0987
jlamagna@health-law.com | www.health-law.com

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.

**From:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Sent:** Thursday, August 12, 2021 10:06 AM
**To:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Cc:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Subject:** RE: Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

**\*\*EXTERNAL EMAIL MESSAGE\*\***

Mr. Schumacher,
I should be able to talk at or after 3:30 ET, if that works.
John

_____
John E. Beerbower
Drug Enforcement Administration
Office of Chief Counsel
Diversion and Regulatory Litigation Section
(office) (571) 362-7905

(mobile) (571) 296-3076
(email) john.e.beerbower@usdoj.gov
Mailing Address: 8701 Morrissette Drive, Springfield, VA 22152

This communication (including any attachments) may contain confidential information, privileged material (including material protected as attorney work product or other applicable privileges), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

**From:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Sent:** Thursday, August 12, 2021 11:59 AM
**To:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Cc:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Subject:** Urgent question re: Woodfield Distributors matter (counsel for Virtus Pharmaceuticals)

Mr. Beerbower,

Hello, my name is David Schumacher, and I am counsel for Virtus Pharmaceuticals. We are aware of the enforcement action against Woodfield Distributors, and I have been in contact with Ian Brecht over the last few months about this matter, including today. Virtus has been extremely cooperative in all interactions with the DEA in this matter and I think could fairly be characterized as an "innocent third party."

Unfortunately, the enforcement action has the potential to result in extremely negative consequences for Virtus. I am hopeful that you have a few moments today to speak about this. Do you have availability?

Thanks very much.

David

**David S. Schumacher**

—

**HOOPER, LUNDY & BOOKMAN, P.C.**

470 Atlantic Avenue, 1201
Boston, MA 02210
DIRECT: +1 617.532.2704    MAIN: +1 617.532.2700    MOBILE: +1 617.688.2398
dschumacher@health-law.com | www.health-law.com

—

BOSTON | DENVER | LOS ANGELES | SAN DIEGO | SAN FRANCISCO | WASHINGTON, DC

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.