# Exhibit B

| | |
|---|---|
| **From:** | Joseph R. LaMagna |
| **To:** | David S. Schumacher; Beerbower, John E; Karla L. Palmer |
| **Cc:** | Oblea, Erika K; Locher, David M; Michael Heesters |
| **Subject:** | RE: Virtus Pharmaceuticals |
| **Attachments:** | image003.png |
| | Woodfield release.pdf |

Hi, John. I am adding litigation counsel for Virtus, Karla Palmer, to this chain. I am also attaching a release form Woodfield to be considered as part of Virtus' request that DEA accept the waiver from Woodfield and release the Virtus products. We request that DEA accept this waiver and exercise its discretion that the drugs no longer need be placed under seal. 21 U.S.C. section 824(f) does not require the government to place the drugs under seal in the first place, much less keep them under seal for any defined period of time. Therefore, the government may decide to lift the seal on the drugs at any time, which would permit the release to Virtus' designee (at this time the registered distributor location for Woodfield in Boca Raton).

Moreover, the statute only considers limitations on the government making a unilateral disposition of the drugs until the time for appeal has passed. The requirement to retain the product during the time of appeal ensures the registrant has the ability to have the drugs returned upon a successful appeal. The statute was clearly contemplating that the registrant would have a continuing interest in the product at issue. However, the attached waiver explains that Woodfield does not have any right or interest in the Virtus products at issue. Therefore, there is no need to hold the drugs until the period for appeals have passed under the statute – Woodfield is unequivocally permitted release before then.

It would seem litigation would be an unnecessary burden on all parties. Virtus requests that the government exercise discretion to lift the seal on the drugs it seized, so Virtus can have the drugs sent to a registrant. In support, the attached waiver has been provided. Virtus has also presented other alternatives, including a modification to the suspensions as outlined below.

Kindly and promptly let us know a response.

Best,

Joe

**Joseph R. LaMagna**

**HOOPER, LUNDY & BOOKMAN, P.C.**
DIRECT: +1 619.744.7305     MAIN: +1 619.744.7300     FAX: +1 619.230.0987
jlamagna@health-law.com | www.health-law.com

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.

**From:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Sent:** Wednesday, August 25, 2021 6:54 AM
**To:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Cc:** Oblea, Erika K <Erika.K.Oblea@dea.gov>; Locher, David M <David.M.Locher@dea.gov>; Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Subject:** Virtus Pharmaceuticals

John,

Thanks for taking the time to speak with us yesterday. Without rehashing our prior points, we have

the following specific questions and requests with respect to Virtus Pharmaceuticals and the Woodfield suspensions:

1. Virtus requests that DEA consider exercising its authority under 21 USC § 824(b) to omit two of its products, Levorphanol and Phendimetrazine, from the suspensions. As you know, and as this statutory section plainly permits, DEA has authority to limit suspensions to "the particular controlled substance or list 1 chemical respect to which grounds for . . . suspension exist."
    a. To the extent that DEA considered exercising its authority to exclude Virtus's products from the suspensions but declined to do so, please explain the reasoning behind this decision.
    b. To be clear, Virtus is not asking DEA to modify its suspensions with respect to Tramadol, which is a lower-priority product for Virtus.
2. Alternatively, Virtus requests that DEA lift the suspension on Woodfield's distributor registration. This would facilitate shipment of the Virtus products.
3. As another alternative, Virtus requests that DEA modify the suspension on Woodfield's distributor registration such that it is lifted for a brief period of time (such as two weeks), allowing for shipment of the Virtus products.
4. Finally, Virtus understands that Woodfield is prepared to execute a Waiver of Rights and Interest ("Waiver") with respect to Levorphanol and Phendimetrazine, such that it would disclaim any rights of possession to those products (which, as you know, are owned by Virtus). The purpose of the Waiver would be to make clear that Woodfield no longer "possesses" or claims any right to these products under 21 § U.S.C. 824(f). <u>If Woodfield provides this Waiver to DEA, will DEA release the Woodfield products?</u> Of course, Virtus is prepared to have a DEA registrant take possession of these products upon release.

As we have explained and as I know you appreciate, time is of the essence for Virtus. We appreciate DEA's prompt consideration of these requests.

David

**David S. Schumacher**

**HOOPER, LUNDY & BOOKMAN, P.C.**

470 Atlantic Avenue, 1201
Boston, MA 02210
DIRECT: +1 617.532.2704     MAIN: +1 617.532.2700    MOBILE: +1 617.688.2398
dschumacher@health-law.com | www.health-law.com

BOSTON | DENVER | LOS ANGELES | SAN DIEGO | SAN FRANCISCO | WASHINGTON, DC

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.

## Waiver of Rights and Interests

WHEREAS, Woodfield Distribution, LLC ("WD") is in the business of providing third-party logistics ("3PL") services to health care and pharmaceutical companies, including warehousing, storage and distribution services;

WHEREAS, Virtus Pharmaceuticals, LLC ("VP") is a manufacturer and distributor of pharmaceutical products, including, without limitation, levorphanol 2mg, phendimetrazine 35mg, and phendimetrazine 105mg (collectively the "VP Products");

WHEREAS, pursuant to various agreements between WD and VP, WD provides 3PL services to VP including, without limitation, inventory management and distribution, handling and shipment of the VP Products;

WHEREAS, pursuant to the execution of the various agreements between the parties, WD has routinely maintained an inventory of the VP Products at its facility located at 1113 Gillingham Lane, Suite A, Sugar Land, TX 77478 (the "Sugar Land Facility"), in anticipation of shipping these products to end users;

WHEREAS, VP has retained title and ownership of all VP Products at all times including while such VP Products are in the possession of WD at the Sugar Land Facility;

WHEREAS, on or about August 11, 2021, the U.S. Drug Enforcement Administration (DEA) served three Immediate Suspension Orders on WD, suspending all DEA registrations held by WD, including WD's distributor registration (DEA #RW0502218) through which it maintained its 3PL business, and seizing all controlled substances possessed by WD at the Sugar Land Facility, including approximately 61,144 bottles of the VP Products (the "Seizure");

WHEREAS, pursuant to 21 USC § 824(f), in the event that the U.S. Attorney General, through the DEA, suspends or revokes a DEA registration, any controlled substances owned or possessed by the registrant may be placed under seal, and no disposition may be made of the controlled substances until the time for taking an appeal has elapsed or until all appeals have been concluded, unless a court has ordered a sale of the products;

WHEREAS the time for taking an appeal regarding the Seizure has not yet elapsed and WD is exploring its appeal rights;

WHEREAS WD understands that one purpose of 21 USC § 824(f) is to protect a registrant that is exercising appeal rights subsequent to a seizure in the event of mishandling of any seized product;

WHEREAS WD has determined that maintaining possession of the VP Products is not necessary to exercise its potential appeal rights; and

WHEREAS VP has asserted that the Seizure of the VP Products is causing substantial, irreversible harm, including, without limitation, withholding urgently-needed medication from

patients suffering from chronic diseases and inflicting catastrophic economic impact on VP and its stakeholders, and it is therefore in the public interest to immediately release the VP Products from the Seizure;

WHEREFORE WD hereby waives, releases, disclaims, and relinquishes any and all rights or interest to the VP Products (levorphanol 2 mg, phendimetrazine 35mg and phendimetrazine 105mg) currently located at the Sugar Land Facility, or at such other location as a result of the Seizure.. The effect of this waiver is that WD is no longer in possession of the VP Products pursuant to 21 USC § 824(f), and WD herein waives any objection to DEA's immediate release of the VP Products to VP and/or VP's designated agent.

WOODFIELD DISTRIBUTION, LLC

By: _____

Print Name: _____

Title: _____

DATED: August __, 2021