# Exhibit C

| | |
|---|---|
| **From:** | Beerbower, John E |
| **To:** | Joseph R. LaMagna; David S. Schumacher; Karla L. Palmer |
| **Cc:** | Oblea, Erika K; Locher, David M; Michael Heesters |
| **Subject:** | RE: Virtus Pharmaceuticals |
| **Date:** | Thursday, August 26, 2021 4:58:59 PM |

**\*\*EXTERNAL EMAIL MESSAGE\*\***

Joe and David,

DEA has reviewed your emails from yesterday regarding the possibility of lifting or modifying the suspension order issued to Woodfield Distribution (Woodfield) as well as the proposal of a "waiver" by Woodfield of Woodfield's interest in the sealed controlled substances.

DEA cannot provide Virtus (a non-party) with additional information regarding the administrative action against Woodfield or the decision-making process regarding the same. However, we can convey that DEA has considered your proposals and is not willing to lift or modify the suspension of Woodfield's certificates of registration at this time.

Similarly, DEA has considered your proposal of a "waiver" to be provided by Woodfield. As we previously communicated, DEA believes that the controlled substances possessed by Woodfield at the time of the suspension were properly placed under seal and that a release of these controlled substances by DEA is not appropriate at this time.

Regards,
John

_____

John E. Beerbower
Drug Enforcement Administration
Office of Chief Counsel
Diversion and Regulatory Litigation Section
(office) (571) 362-7905
(mobile) (571) 296-3076
(email) john.e.beerbower@dea.gov
Mailing Address: 8701 Morrissette Drive, Springfield, VA 22152

This communication (including any attachments) may contain confidential information, privileged material (including material protected as attorney work product or other applicable privileges), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

**From:** Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Sent:** Wednesday, August 25, 2021 5:27 PM
**To:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>; Beerbower, John E <John.E.Beerbower@dea.gov>; Karla L. Palmer <KPalmer@hpm.com>
**Cc:** Oblea, Erika K <Erika.K.Oblea@dea.gov>; Locher, David M <David.M.Locher@dea.gov>; Michael Heesters <MHeesters@hpm.com>
**Subject:** RE: Virtus Pharmaceuticals

Hi, John. I am adding litigation counsel for Virtus, Karla Palmer, to this chain. I am also attaching a

release form Woodfield to be considered as part of Virtus' request that DEA accept the waiver from Woodfield and release the Virtus products. We request that DEA accept this waiver and exercise its discretion that the drugs no longer need be placed under seal. 21 U.S.C. section 824(f) does not require the government to place the drugs under seal in the first place, much less keep them under seal for any defined period of time. Therefore, the government may decide to lift the seal on the drugs at any time, which would permit the release to Virtus' designee (at this time the registered distributor location for Woodfield in Boca Raton).

Moreover, the statute only considers limitations on the government making a unilateral disposition of the drugs until the time for appeal has passed. The requirement to retain the product during the time of appeal ensures the registrant has the ability to have the drugs returned upon a successful appeal. The statute was clearly contemplating that the registrant would have a continuing interest in the product at issue. However, the attached waiver explains that Woodfield does not have any right or interest in the Virtus products at issue. Therefore, there is no need to hold the drugs until the period for appeals have passed under the statute – Woodfield is unequivocally permitted release before then.

It would seem litigation would be an unnecessary burden on all parties. Virtus requests that the government exercise discretion to lift the seal on the drugs it seized, so Virtus can have the drugs sent to a registrant. In support, the attached waiver has been provided. Virtus has also presented other alternatives, including a modification to the suspensions as outlined below.

Kindly and promptly let us know a response.

Best,

Joe

**Joseph R. LaMagna**

**HOOPER, LUNDY & BOOKMAN, P.C.**
DIRECT: +1 619.744.7305    MAIN: +1 619.744.7300    FAX: +1 619.230.0987
jlamagna@health-law.com | www.health-law.com

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.

**From:** David S. Schumacher <dschumacher@HEALTH-LAW.COM>
**Sent:** Wednesday, August 25, 2021 6:54 AM
**To:** Beerbower, John E <John.E.Beerbower@dea.gov>
**Cc:** Oblea, Erika K <Erika.K.Oblea@dea.gov>; Locher, David M <David.M.Locher@dea.gov>; Joseph R. LaMagna <jlamagna@HEALTH-LAW.COM>
**Subject:** Virtus Pharmaceuticals

John,

Thanks for taking the time to speak with us yesterday. Without rehashing our prior points, we have the following specific questions and requests with respect to Virtus Pharmaceuticals and the Woodfield suspensions:

1. Virtus requests that DEA consider exercising its authority under 21 USC § 824(b) to omit two of its products, Levorphanol and Phendimetrazine, from the suspensions. As you know, and as this statutory section plainly permits, DEA has authority to limit suspensions to "the particular controlled substance or list 1 chemical respect to which grounds for . . . suspension exist."

   a. To the extent that DEA considered exercising its authority to exclude Virtus's products from the suspensions but declined to do so, please explain the reasoning behind this decision.
   b. To be clear, Virtus is not asking DEA to modify its suspensions with respect to Tramadol, which is a lower-priority product for Virtus.
2. Alternatively, Virtus requests that DEA lift the suspension on Woodfield's distributor registration. This would facilitate shipment of the Virtus products.
3. As another alternative, Virtus requests that DEA modify the suspension on Woodfield's distributor registration such that it is lifted for a brief period of time (such as two weeks), allowing for shipment of the Virtus products.
4. Finally, Virtus understands that Woodfield is prepared to execute a Waiver of Rights and Interest ("Waiver") with respect to Levorphanol and Phendimetrazine, such that it would disclaim any rights of possession to those products (which, as you know, are owned by Virtus). The purpose of the Waiver would be to make clear that Woodfield no longer "possesses" or claims any right to these products under 21 § U.S.C. 824(f). <u>If Woodfield provides this Waiver to DEA, will DEA release the Woodfield products?</u> Of course, Virtus is prepared to have a DEA registrant take possession of these products upon release.

As we have explained and as I know you appreciate, time is of the essence for Virtus. We appreciate DEA's prompt consideration of these requests.

David

**David S. Schumacher**

**HOOPER, LUNDY & BOOKMAN, P.C.**
470 Atlantic Avenue, 1201
Boston, MA 02210
DIRECT: +1 617.532.2704     MAIN: +1 617.532.2700    MOBILE: +1 617.688.2398
dschumacher@health-law.com | www.health-law.com

BOSTON | DENVER | LOS ANGELES | SAN DIEGO | SAN FRANCISCO | WASHINGTON, DC

Disclaimer: This email, including attachments, is intended solely for the use of the intended recipient and may be confidential, proprietary, or protected by any applicable privilege. If you are not the intended recipient, be advised that any dissemination, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please reply that you received the message in error and delete or destroy the email and any attachment.